IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ricky Williams, aka ) <br> Williams and Bradshaw, ) <br> ) Civil Action No. 6:06-3465-HFF-WMC <br> Plaintiff, ) <br> ) **O R D E R** <br> vs. ) <br> ) <br> Joseph T. Henson, State Farm ) <br> Insurance Company, Master Mark ) <br> Construction, Mark McKinney, Pamela ) <br> Williams, Steve Michaels, Stock ) <br> Builders Supply, Steve Doe of Stock ) <br> Builders Supply, Robert "Bob" Doe of ) <br> Stock Builders Supply, Victoria Barnett, ) <br> Brown and Babb, P.C., Spartanburg ) <br> Forest Supply, Sandy Macilwinen and ) <br> Scott Casey, ) <br> ) <br> Defendants. ) <br> ) | |

This matter is before the court on the motion of defendants Joseph T. Hinson and Master Mark Construction. In his complaint, the plaintiff, a state prisoner proceeding *pro se*, alleges causes of action for fraudulent real estate closing, fraud, civil conspiracy, bank fraud, wire fraud, slander, and mail fraud against a number of defendants. The lawsuit involves the finance, construction, and sale of the plaintiff's properties in Greenville County. Generally, the plaintiff contends the defendants acted improperly during the construction and ultimate sale of two lots. He seeks damages in the amount of $2.2 million. In his complaint, the plaintiff states that he is seeking a "declaratory judgment against Defendants for the sum of $668,000.00 plus interest and costs" (comp. p. 25).

On the same date that he filed the instant action, the plaintiff filed a lis pendens in the Greenville County Clerk of Court's Office, Thirteenth Judicial Circuit. That lis pendens (the "First Lis Pendens") encumbers the following properties owned by defendant Hinson:

    (1)    200 Corinthian, Greenville SC (TMS No. 0531-16-01-043.00);

    (2)    6 Appleton Way (sic), Greenville, SC (TMS No. 0531-16-01-002.02);

    (3)    118 West Butler Avenue, Mauldin, SC; and

    (4)    629 Driftwood Drive, Greer, SC.

On March 26, 2007, defendant Pamela Williams filed two lis pendens. Lis Pendens P1 065 impaired the property at 6 Appian Way (TMS No. 0531-16-01-002.02) (the "Second Lis Pendens" – this is the same property encumbered by the plaintiff as 6 Appleton Way), and Lis Pendens P1 066 impaired the property located at 200 Corinthian Way (TMS No. 0531-16-01-043.00) (the "Third Lis Pendens"). Defendant Williams is the wife of the plaintiff.

Defendant Hinson argues that all three lis pendens should be cancelled. With regard to the First Lis Pendens, Hinson argues that this action does not actually affect real estate in that the plaintiff does not seek any relief that would impact the ownership of any of the four properties identified in the lis pendens. Accordingly, he argues that a lis pendens is not authorized under South Carolina Code Section 15-11-10,[1] *et seq.*

> Since the filing of a lis pendens is an extraordinary privilege granted by statute, strict compliance with the statutory provisions is required. *See Cook*, 291 S.C. at 532, 354 S.E.2d at 563 (1987) (finding a complaint filed more than twenty days after the filing of the lis pendens renders the lis pendens invalid).

---

[1] South Carolina Code Annotated Section 15-11-10 provides:
In an action *affecting the title to real property* the plaintiff (a) not more than twenty days before filing the complaint or at any time afterwards or (b) whenever a warrant of attachment under §§ 15-19-10 to 15-19-560 shall be issued or at any time afterwards or a defendant when he sets up an affirmative cause of action in his answer and demands substantive relief, at the time of filing his answer or at any time afterwards if such answer be intended to affect real estate, may file with the clerk of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action and the description of the property in that county affected thereby. If the action be for the foreclosure of a mortgage such notice must be filed twenty days before judgment and must contain the date of the mortgage, the parties thereto and the time and place of recording such mortgage.
S.C. Code Ann. § 15-11-10 (emphasis added).

2

> The lis pendens mechanism is not designed to aid either side in a dispute between private parties. Rather, lis pendens is designed primarily to protect unidentified third parties by alerting prospective purchasers of property as to what is already on public record, *i.e.*, the fact of a suit involving property. Thus, it notifies potential purchasers that there is pending litigation that may affect their title to real property and that the purchaser will take subject to the judgment, without any substantive rights. 51 Am.Jur.2d Lis Pendens § 2 (2000).

*Pond Place Partners, Inc. v. Pool*, 567 S.E.2d 881, 889 (S.C. Ct. App. 2002).

As stated by Hinson, a lis pendens "is intended to inform a potential purchaser of land that the property in question is subject to litigation" (m. to cancel p. 2). Accordingly, the issue before the court is whether the instant action is an action affecting the title to the real property named in the lis pendens. "Such actions include actions attempting to set aside a fraudulent conveyance of real property and actions to establish a constructive trust over real estate. They also include actions to quiet title; actions to establish the existence of an easement; actions to reform deeds to resolve a boundary dispute; actions for specific performance; and actions for mortgage foreclosures." *Id.* at 889-90 (citations omitted).

Here, the First Lis Pendens impairs Hinson's office building in Mauldin, the two properties which were previously owned by Mr. or Mrs. Williams, and an unrelated residence owned by Hinson. Clearly Hinson's office building and his residence are unrelated to the issues in this case. Accordingly, the First Lis Pendens should be cancelled with regard to these properties. *See Atkinson v. Fundaro*, 400 So.2d 1324 (Fla. Dist. Ct. App. 1981) (finding no privilege for the filing of a lis pendens on property that had absolutely no involvement in the underlying litigation). As for the two properties previously owned by the plaintiff and his wife, the plaintiff alleges that defendant Hinson along with other defendants "did procure and execute a fraudulent Power of Attorney in order to conduct unlawful real estate closing and sale of Lot #1 and Lot #2 of the Columns Subdivision [6 Appian Way and 200 Corinthian Way]" (comp. p. 11). As set forth above, the plaintiff states in his complaint that he is seeking a declaratory judgment, but he goes on to state that he is seeking a statement that a certain

amount of money is owed to him. However, in his response to the motion for cancellation of the multiple lis pendens, the plaintiff contends that the "ownership [of the properties] never changed from Ricky Williams to [Hinson]," and he asks the court to grant "a hearing to return homes to plaintiff" (pl. m. to stop sales p. 1). The Fourth Circuit Court of Appeals has held that *pro se* pleadings "must" be held to "less stringent standards than pleadings drafted by attorneys and must [be] read . . . liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir.1989). Based upon the foregoing, this court finds that the First Lis Pendens should not be cancelled at this time with regard to the properties at 6 Appian Way and 200 Corinthian Way.

The Second and Third Lis Pendens were filed by defendant Mrs. Williams. As argued by Hinson, under the South Carolina Code, Mrs. Williams was required to file an action within 20 days after filing the lis pendens, which she did not do. Accordingly, Hinson argues that the Second and Third Lis Pendens are void. Based upon the foregoing, the Second and Third Lis Pendens should be cancelled.

Wherefore, based upon the foregoing,

IT IS ORDERED that the motion to cancel the First Lis Pendens is denied at this time as to the 6 Appleton (or Appian) Way and 200 Corinthian Way properties. The motion to cancel the First Lis Pendens is granted as to the properties at 118 West Butler Avenue, Mauldin, South Carolina, and 629 Driftwood Drive, Greer, South Carolina. The motion to cancel the Second and Third Lis Pendens filed by Mrs. Williams on March 26, 2007, is also granted.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

May 3, 2007

Greenville, South Carolina

4