IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ricky Williams, aka Williams and Bradshaw,   )<br>)<br>)<br>       Plaintiff,  )<br>)<br>      vs.  )<br>)<br>Joseph T. Henson, State Farm  )<br>Insurance Company, Master's Mark  )<br>Construction, Mark McKinney,  )<br>Pamela Williams, Steve Michaels,  )<br>Stock Builders Supply, Steve Doe  )<br>of Stock Builders Supply, Robert  )<br>"Bob" Doe of Stock Builders Supply,  )<br>Victoria Barnett, Brown and Babb,  )<br>P.C., Spartanburg Forest Products,  )<br>Sandy MacIlwinen and Scott Casey,  )<br>)<br>      Defendants.  )<br>  ) | Civil Action No. 6:06-3465-HFF-WMC<br><br>**ORDER AND<br>REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on several dispositive motions and one nondispositive motion filed by certain defendants.[1]  In his complaint, the plaintiff, a state prisoner proceeding *pro se*, alleges a number of causes of action regarding the finance, construction, and sale of the plaintiff's properties in Greenville County.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

---

[1]Defendants Joseph T. Hinson, Master's Mark, Mark McKinney, Pamela Williams, and Steve Michaels have not yet filed dispositive motions.

## FACTS PRESENTED

The plaintiff is an inmate currently incarcerated at Northside Correctional Institute in Spartanburg, South Carolina, serving a three-year sentence for preparation of a fraudulent tax return (Spartanburg Forest Products m. to dismiss, ex. A). On December 11, 2006, he filed a complaint against multiple defendants alleging causes of action for violation of the Racketeer Influenced and Corrupt Organizations statute ("RICO") (18 U.S.C. § 1961 *et seq.*), mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), common law fraud, civil conspiracy (18 U.S.C. § 371), and slander. The plaintiff's claims arise out of the construction of a single-family residence in Greenville County, South Carolina. The plaintiff alleges, *inter alia*, that defendant Joseph T. Hinson, a residential builder, and defendants Master's Mark Construction ("Master's Mark") and Mark McKinney, contractors, obtained lumber and other materials from defendants Stock Building Supply and Spartanburg Forest Products for use in the construction of the plaintiff's home. The plaintiff claims that the lumber and materials were diverted to other projects of Hinson and Master's Mark without his consent.

Defendant Babb & Brown, P.C. ("B&B") is a law firm in Greenville, South Carolina, which performed two separate real estate closings on two lots and partially finished homes located in "The Columns" subdivision in Greenville. Defendant Hinson purchased these two pieces of property in May 2006 from the plaintiff and his wife, defendant Pamela Williams. Defendant Barnett is a paralegal at B&B and was involved solely in her capacity as an employee of B&B during the Henson-Williams transaction. Both closings occurred after the plaintiff was incarcerated, so in order to complete the sale of the jointly owned property, a Power of Attorney from the plaintiff was needed. Defendant B&B drafted a Power of Attorney document and sent it to the plaintiff in prison. Defendant B&B then received the executed Power of Attorney via hand-delivery from the plaintiff's wife before the pre-arranged closings on May 17, 2006. Defendant B&B determined this hand-

2

delivered version was not sufficient to use for the jointly-owned property, so only the property owned by Mrs. Williams was closed that day.  Defendant B&B then sent a letter to the plaintiff requesting that he resubmit the Power of Attorney directly to them via UPS, so that the second closing could move forward.  Several days later, defendant B&B received that executed Power of Attorney properly delivered via UPS directly to B&B from the plaintiff in prison.  This executed Power of Attorney was used in the second real estate transaction on May 25, 2006, for the jointly-held property.  The plaintiff and his wife received valuable consideration for their title in the two properties from Hinson in the form of monies, personal notes and mortgage forgiveness.  The plaintiff claims that B&B and Barnett executed a fraudulent real estate closing by using a rescinded Power of Attorney.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).  If on a motion pursuant to Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.

This court is required to construe *pro se* complaints and petitions liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  When a federal

3

court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324.

4

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## ANALYSIS

### *Spartanburg Forest Products and Steve Michaels*

On January 3, 2007, defendants Spartanburg Forest Products and Steve Michaels moved pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(1) and (6) for dismissal of all claims against them. By order filed January 4, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on March 9, 2007.

As set forth above, these defendants supplied material and lumber to the contractor who constructed the homes at issue. The plaintiff first alleges a claim under RICO. The elements common to all RICO violations are (1) racketeering activity; (2) conducted through a pattern; (3) affecting an enterprise; (4) a culpable person; and (5) an effect on interstate or foreign commerce. R. Douglas Rees and Jerold S. Solovy, 5 Bus. & Comm. Litig. in Fed. Cts. § 69.2 (2003). As argued by the defendants, the plaintiff has failed to sufficiently allege a claim under RICO against these defendants. "Racketeering activity" is defined as criminal conduct in contravention of one of a list of criminal statutes. If a plaintiff fails to specifically allege the defendants committed one of the "predicate acts" identified in 18 U.S.C. § 1, his RICO claim cannot withstand a motion to dismiss. *See Bast v. Cohen, Dunn & Sinclair, P.C.*, 59 F.3d 492, 495 (4th Cir. 1995).

Here, the plaintiff apparently claims that defendant Spartanburg Forest Products committed the RICO predicate acts of wire, bank, and mail fraud. These claims and the common law fraud claim fail to satisfy Federal Rule of Civil Procedure 9(b), which requires "[i]n all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity." Further, as to the claim for slander, the plaintiff does not allege with any specificity any statement attributable to either of these defendants upon which a claim for relief could be made. The plaintiff also alleges a claim for violation of 18 U.S.C. § 371, which is a criminal statute for conspiracy to commit offense or to defraud the United States. Clearly this statute does not apply to the plaintiff's complaint. Lastly, the plaintiff has failed to allege how defendant Michaels, the president of Spartanburg Forest Products, would be liable individually. The plaintiff does not allege any act or statement made by or attributed to defendant Michael that is beyond the scope of his authority as president of Spartanburg Forest Products that could possibly be the basis of personal liability to Michaels.

Based upon the foregoing, the claims against defendants Michaels and Spartanburg Forest Products should be dismissed. Further, the request of these

6

defendants for sanctions against the plaintiff pursuant to Federal Rule of Civil Procedure 11(b) should be denied.

### *Sandy MacIlwinen*

Sandy MacIlwinen has filed two motions to quash service, dismiss, and for sanctions against the plaintiff. MacIlwinen is not named as a defendant in the caption of the complaint, and the complaint contains no allegations against him. However, on December 18, 2006, the plaintiff filed an un-notarized "affidavit" in which he purported to "amend the caption" to add four additional defendants, including MacIlwinen, to the action. This affidavit contains no additional allegations, and provides no justification for adding MacIlwinen or the other three individuals as defendants in the action. On December 18, 2006, the plaintiff mailed an envelope to the following address:

> Stock Building Supply
> Scott Casey, Robert or Bob Doe, Sandy Maciliwen
> PO 1131
> Mauldin, SC 29662

(MacIlwinen m. to quash, ex. A). The envelope, which was sent via standard U.S. Mail, contained copies of:  (1) the plaintiff's complaint; (2) the plaintiff's interrogatories, requests for production, and requests for admission to Stock Building Supply, Scott Casey, Robert or Bob Doe, and MacIlwinen (MacIlwinen m. to quash, ex. B); and (3) the plaintiff's Memorandum of Law in Support of Motion for Class Action Certification. The envelope did not contain a copy of a summons, nor did it contain a copy of the affidavit purporting to add MacIlwinen as a party to the action.

On January 16, 2007, MacIlwinen filed his first motion to dismiss, quash service, and for sanctions. Subsequently, by unregistered United States mail dated February 20, 2007, the plaintiff mailed to MacIlwinen's attorney a copy of the summons and complaint. MacIlwinen filed his second motion to dismiss, quash service, and for sanctions

7

on March 12, 2007.  By orders filed January 18 and March 13, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  The plaintiff filed a response on March 26, 2007.

As argued by MacIlwinen, the plaintiff's attempt to add him as a defendant does not comply with the Federal Rules of Civil Procedure.  As the plaintiff did not file an amended complaint, nor did he obtain leave of court to add additional defendants, MacIlwinen is not a defendant in this matter.  Further, even if the plaintiff's affidavit was given effect, the plaintiff's complaint and affidavit include no allegations against MacIlwinen Based upon the foregoing, MacIlwinen should be dismissed from this action.  Further, MacIlwinen's request for sanctions against the plaintiff should be denied.

### Stock Building Supply, Inc., Steve Doe, Robert Doe, and Scott Casey

On February 13, 2007, Stock Building Supply, Inc., Steve Doe, Robert Doe, and Scott Casey moved to quash service, dismiss, and for sanctions against the plaintiff. By order filed February 15, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  The plaintiff filed a response on March 26, 2007.

As described above with regard to MacIlwinen, the plaintiff attempted to make Robert Doe and Casey parties to this action through an un-notarized affidavit filed December 18, 2006.  Neither the affidavit nor the complaint contain allegations against Robert Doe or Casey.  The plaintiff has failed to provide Robert Doe and Casey with either a summons or the affidavit purporting to add them as parties to this matter.  Stock Building Supply and Steve Doe also have never been served with a summons.  *See* Fed.R.Civ.P. 4(c).  The plaintiff attempted to serve Robert Doe, Steve Doe and Casey by mailing copies

of the complaint, discovery requests, and a motion for class certification to Stock Building Supply's Mauldin location, which is not proper service pursuant to Rule 4(e). The plaintiff has failed to properly serve these defendants. Accordingly, the motion to dismiss pursuant to Rule 12(b)(5) should be granted. The motion for sanctions should be denied.

### Babb and Brown, P.C. and Victoria Barnett

Defendants Babb & Brown, P.C. ("B&B") and Victoria Barnett moved to dismiss the plaintiff's complaint on February 22, 2007. By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on March 26, 2007. The plaintiff claims in his first cause of action that the defendants B&B and Barnett executed a fraudulent real estate transfer. The plaintiff's apparent basis for this claim rests on the allegations that defendants B&B and Barnett received and used a Power of Attorney executed by the plaintiff for the purpose of selling property co-owned by the plaintiff and his wife. However, the plaintiff alleges that he rescinded the Power of Attorney before the real estate transaction occurred. The complaint contains no further allegations regarding the alleged real estate fraud. Under Federal Rule of Civil Procedure 12(b)(6) or 12(c), a plaintiff must sufficiently plead facts to support a cause of action. If the plaintiff's allegations are all taken as true, his complaint still does not contain the supporting facts to entitle him to relief. Further, under Rule 9(b), all claims of fraud shall be stated with particularity.

In order to determine if a plaintiff has satisfied the pleading requirement of Rules 12(b)(6), 12(c) and 9(b), one must look to state law, as there is no federal law on the issue, to determine the elements that must be proven to maintain a claim for fraud. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 , 78-79(1938). Under South Carolina law, a cause of action for fraud against an attorney is essentially the same as that which applies to any

9

such cause of action, regardless of whether the defendant is an attorney. *M.B. Kahn Construction Co. v. S.C. Nat'l Bank*, 271 S.E.2d 414, 415 (S.C. 1980). A plaintiff must prove the nine distinct elements of fraud in order to prevail on the cause of action. *Id.* The elements of fraud in South Carolina are: (1) a representation; (2) falsity of representation; (3) materiality of representation; (4) the defendant's knowledge of the falsity of the representation or reckless disregard of its truth or falsity; (5) the defendant's intent that the representation should be acted upon; (6) the plaintiff's ignorance of the falsity; (7) the plaintiff's reliance on the truth of the representation; (8) the plaintiff's right to rely; and (9) consequent and proximate injury to the plaintiff. *Enhance-It, L.L.C. v. American Access Technologies, Inc.*, 413 F.Supp. 2d 626, 629-30 (D.S.C. 2006).

The plaintiff has made no allegations that defendant Barnett or any other employee of B&B actually made any representations to him regarding the property he co-owned with his wife. Similarly, the plaintiff has also failed to plead that any representations made by the defendants, if they existed, were false. Even if the complaint included allegations of a fraudulent misrepresentation, the plaintiff's complaint fails to plead facts that would support any of the other remaining elements of fraud, which are required in order to recover for this cause of action.

The plaintiff has attempted to argue that the real estate transaction involving his share of the property he jointly owned with his wife should be voided. Again, however, even if all of the plaintiff's allegations are taken as true, under this theory there would be no cause of action against B&B or Victoria Barnett, as they were not parties to the contract. Therefore, under Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(6) and 12(c), the court should dismiss the plaintiff's cause of action for fraudulent real estate closing.

The plaintiff also specifically alleges that all defendants committed a civil conspiracy against him based on 18 U.S.C. § 371. However, as set forth above, this is a criminal statute for conspiracy to commit offense or to defraud the United States, and it

clearly does not apply to the plaintiff's complaint. The plaintiff apparently also has made allegations against defendants B&B and Barnett regarding mail fraud. Similar to the plaintiff's claim for fraudulent real estate closing, he fails to plead facts that could satisfy the requisite elements for fraud under Rule 9(b). Further, if the plaintiff intends to assert the causes of action for fraud, bank fraud, wire fraud, slander, and violation of RICO against these defendants, those claims fail for the reasons set forth above with regard to defendants Spartanburg Forest Products and Steve Michaels. Based upon the foregoing, the motion to dismiss should be granted. The motion for sanctions against the plaintiff for filing a frivolous pleading should be denied.

### Master's Mark Construction

Master's Mark Construction ("Master's Mark") has moved to quash a summons served upon its counsel on February 26, 2007. The original summons for defendant Mark McKinney was sent by United States Mail to Master's Mark's attorney. Counsel for Master's Mark does not represent Mark McKinney and maintains that McKinney and Master's Mark currently have no association or relationship. As it appears that the plaintiff was attempting to serve McKinney by sending the original summons to Master's Mark, the motion to quash the summons is granted. Furthermore, a review of the court's docket shows that the plaintiff has failed to serve McKinney. As more than 120 days have passed since the complaint was filed, the complaint against McKinney should be dismissed pursuant to Rules 4(m) and 12(b)(5).

### State Farm Fire and Casualty Company

State Farm Fire and Casualty Company ("State Farm") moved to dismiss or, in the alternative, for summary judgment on March 12, 2007. By order filed March 20, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was

advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on March 27, 2007.

In his complaint, the plaintiff implicates State Farm solely on the basis that co-defendant Joseph T. Hinson is the "owner/operator of a franchise branch of State Farm" (comp. ¶ 2). Hinson submitted an affidavit in which he stated that his "construction business and [his] business as a State Farm agent are completely separate and distinct" (def. m. to dismiss, ex. A, Hinson aff. ¶ 3). According to Hinson, the transactions referenced in the complaint

> [i]nvolved my business in construction, and more specifically, my purchase of real estate from the plaintiff and Pamela Williams in 2006. Those transactions had nothing whatsoever to do with my business as an insurance agent and neither State Farm Fire nor State Farm Auto were in any way involved in any of the transactions referenced in the complaint.

*Id.* ¶ 4. Further, co-defendant Master's Mark Construction, which is an entity controlled by Hinson, has denied that it and Hinson had a "professional partnership in conjunction with State Farm Insurance Company" (def. m. to dismiss, ex. B). Based upon the foregoing, the evidence demonstrates that State Farm had nothing to do with the occurrences alleged in the complaint. Accordingly, the motion for summary judgment should be granted.

## CONCLUSION

Wherefore, based upon the foregoing,

IT IS ORDERED that Master's Mark's motion to quash is granted;

IT IS RECOMMENDED that the dispositive motions of defendants Spartanburg Forest Products, Steve Michaels, Sandy MacIlwinen, Scott Casey, Robert Doe, Steve Doe, Stock Building Supply, Inc., Victoria Barnett, Brown and Babb, P.C., and State Farm Insurance Company be granted; and

IT IS RECOMMENDED that Mark McKinney be dismissed from this case as the plaintiff has failed serve him within 120 days of the filing of the complaint.

s/William M. Catoe
United States Magistrate Judge

May 10, 2007

Greenville, South Carolina