

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| RICKY WILLIAMS, aka WILLIAMS AND BRADSHAW, <br>     Plaintiff, <br><br> vs. <br><br> JOSEPH T. HENSON et al., <br>     Defendants. | § <br> § <br> § <br> § CIVIL ACTION NO. 6:06-3465-HFF-WMC <br> § <br> § <br> § <br> § |

### ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This case includes causes of action for fraudulent real estate closing, fraud, civil conspiracy, bank fraud, wire fraud, slander, and mail fraud against a number of defendants. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 10, 2007. On May 22, 2007, the Clerk entered Plaintiff's objections. The Clerk also entered objections submitted by Defendant Pamela Williams on May 22, 2007. On May 24, 2007, Defendant State Farm Insurance Company filed a response to Plaintiff's objections. Defendants Babb and Brown, P.C. and Victoria Barnett filed a response to the objections filed by Plaintiff and Defendant Williams on May 31, 2007. On June 7, 2007, the Clerk entered Plaintiff's reply to the responses filed by Defendants State Farm Insurance Company, Babb and Brown P.C., and Victoria Barnett.

The Report recommends granting the dispositive motions and denying the motions for sanctions filed by Defendants Spartanburg Forest Products, Steve Michaels, Sandy MacIlwinen, Scott Casey, Robert Doe, Steve Doe, Stock Building Supply, Inc., Victoria Barnett, Brown and Babb P.C., and State Farm Insurance Company. The Report further recommends dismissing Defendant Mark McKinney.

Plaintiff's objection memorandum contains ten numbered objections to the Report. Most of Plaintiff's objections merely reiterate factual allegations and arguments made in previous filings. These issues were correctly and adequately addressed in the Magistrate Judge's Report. Accordingly, the Court declines to address each issue a second time. Plaintiff's first objection, however, was not specifically addressed in the Report; therefore, the Court will address that objection.

Plaintiff argues that service should have been effected by a United States marshal. In at least one previous filing, Plaintiff relied on the same argument:

> Incarcerated pro se plaintiff proceeding in pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S.

> Marshal or the Court Clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915 and Rule 4 of the Fed. R. of Civ. P.

(Pl.'s Resp. 16, March 9, 2007.)

Rule 4(c)(2) of the Federal Rules of Civil Procedure provides that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2). At a plaintiff's request, "the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." *Id.* If the plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. §1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916, service by the United States marshal is mandatory. *Id.* If the plaintiff is not proceeding in forma pauperis or as a seaman, the court "retains discretion to appoint a process server on motion of a party." Fed. R. Civ. P. 4 Advisory Committee Notes to 1993 Amendments.

The purpose of the amendments to the provision in the Federal Rules of Civil Procedure that allows for service of process by a United States marshal was to "reduce the burden on the United States Marshal Service . . . ." Advisory Committee Note to Final Draft of Proposed Amendments to Rule 4 of the Federal Rules of Civil Procedure, at 7 (January 15, 1982), http://www.uscourts.gov/rules/Reports/CV01-1982.pdf. Accordingly, a court should order service by a marshal only when necessary and "should encourage the use of methods that do not involve the marshal to the extent that is possible." *Id.*

Here, Plaintiff is proceeding neither in forma pauperis pursuant to 28 U.S.C. § 1915 nor as a seaman under 28 U.S.C. § 1916. Therefore, service by the United States marshal is not mandatory, and the decision to order service by the marshal falls within the discretion of this Court. The Court notes that Plaintiff failed to request service by a marshal. In fact, Plaintiff argued that service should

3

have been effected by a United States marshal only after a Defendant moved to dismiss for improper service. In an abundance of caution, however, the Court has considered whether it would have ordered service by a marshal had Plaintiff requested such service. That question must be answered in the negative.

Plaintiff is not entitled to service by a marshal because such service is unnecessary. As noted above, the Court must encourage the use of other methods to the extent it is possible. In the instant case, service by registered or certified mail would satisfy the purpose of the amended Rule 4 without placing an undue procedural burden on Plaintiff.[1] Accordingly, the circumstances of this case fail to convince the Court that service by a United States marshal is necessary.

The Court rejects that portion of the Report that recommends dismissing Defendant McKinney pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because Plaintiff failed to serve Defendant McKinney within 120 days of the filing of the complaint. Defendant McKinney filed an answer on July 5, 2007, thereby waiving any defense he might assert that service of process was untimely under Rule 4(m).[2] *See Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1981) ("And we agree with those courts that despite Rule 4(j)'s conferral of *sua sponte* dismissal power on the

---

[1] Service may be made pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). The South Carolina Rules of Civil Procedure provide that service may be effected "by registered or certified mail, return receipt requested and delivery restricted to the addressee." S. C. R. Civ. P. 4(d)(8).

[2] The Court notes that, at the time the Magistrate Judge filed the Report, this recommendation was proper because Defendant McKinney had not filed an answer in this case. However, after the Magistrate Judge filed the Report, but before this Court issued its Order on the Report, Defendant McKinney filed an answer.

4

district courts, a defendant's unexcused failure to raise the untimeliness of service defense by motion or answer must be held to deprive the court of that power . . .")[3]

After a thorough review of the Report, the objections thereto, and the record in this case pursuant to the standard set forth above, the Court (1) adopts, and incorporates herein to the extent that it does not contradict this Order, that portion of the Report that recommends granting the dispositive motions and denying the motions for sanctions filed by Defendants Spartanburg Forest Products, Steve Michaels, Sandy MacIlwinen, Scott Casey, Robert Doe, Steve Doe, Stock Building Supply, Inc., Victoria Barnett, Brown and Babb P.C., and State Farm Insurance Company and (2) rejects that portion of the Report that recommends dismissing Defendant Mark McKinney. Therefore, it is the judgment of this Court that (1) the motion to dismiss filed by Defendants Steve Michaels and Spartanburg Forest Supply be **GRANTED**; (2) the motion for sanctions filed by Defendants Steve Michaels and Spartanburg Forest Supply be **DENIED**; (3) the motions to dismiss filed by Defendant Sandy MacIlwinen be **GRANTED**; (4) the motions for sanctions filed by Defendant Sandy MacIlwinen be **DENIED**; (5) the motion to dismiss filed by Defendants Steve Doe, Robert Doe, Stock Building Supply, Inc., and Scott Casey be **GRANTED**; (6) the motion for sanctions filed by Defendants Steve Doe, Robert Doe, Stock Building Supply, Inc., and Scott Casey be **DENIED**; (7) the motion to dismiss field by Defendants Victoria Barnett and Brown and Babb P.C. be **GRANTED**; (8) the motion for sanctions filed by Defendants Victoria Barnett and Brown and Babb P.C. be **DENIED**; and (9) the motion to dismiss/motion for summary judgment filed by State Farm Insurance Company be **GRANTED**.

---

[3]*Pusey* was decided under the former Rule 4(j), which has since been renamed as the current Rule 4(m).

**IT IS SO ORDERED**.

Signed this 4th day of September, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.