IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ricky Williams, aka<br>Williams and Bradshaw,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Joseph T. Hinson, Master's Mark<br>Construction, Mark McKinney,<br>Pamela Williams,<br><br>　　　　　　　Defendants. | Civil Action No. 6:06-3465-HFF-WMC<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion to dismiss of defendants Joseph T. Hinson and Master's Mark Construction (doc. 165) and the motion for summary judgment of the plaintiff (doc. 108). By order filed September 4, 2007, defendants Spartanburg Forest Products, Steve Michaels, Sandy MacIlwinen, Scott Casey, Robert Doe, Steve Doe, Stock Building Supply, Inc., Victoria Barnett, Brown and Babb P.C., and State Farm Insurance Company were dismissed from this action. The remaining defendants are Hinson, Master's Mark, Mark McKinney, and Pamela Williams.

In his complaint, the plaintiff, who is proceeding *pro se*, alleges a number of causes of action regarding the finance, construction, and sale of certain real estate properties. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The plaintiff was recently released from Northside Correctional Institution where he was serving a three-year sentence for preparation of fraudulent tax returns. On December 11, 2006, the plaintiff filed a complaint against multiple defendants alleging causes of action for violation of the Racketeer Influenced and Corrupt Organizations statute ("RICO") (18 U.S.C. § 1961 *et seq.*), mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), common law fraud, civil conspiracy (18 U.S.C. § 371), and slander. The plaintiff's claims arise out of the construction of a single-family residence in Greenville County, South Carolina. The plaintiff alleges, *inter alia*, that defendant Hinson, a residential builder, and defendants Master's Mark and Mark McKinney, contractors, obtained lumber and other materials from former defendants Stock Building Supply and Spartanburg Forest Products for use in the construction of the plaintiff's home. The plaintiff claims that the lumber and materials were diverted to other projects of Hinson and Master's Mark without his consent.

Former defendant Babb & Brown, P.C. ("B&B") is a law firm in Greenville, South Carolina, which performed two separate real estate closings on two lots and partially finished homes located in "The Columns" subdivision in Greenville. Lot 1 and a portion of Lot 2 was in the name of the plaintiff and his wife, defendant Pamela Williams. The remaining portion of Lot 2 was solely in the name of Pamela Williams. Defendant Hinson purchased these two pieces of property in May 2006 from the plaintiff and his wife. Former defendant Barnett is a paralegal at B&B and was involved solely in her capacity as an employee of B&B during the Henson-Williams transaction. Both closings occurred after the plaintiff was incarcerated, so in order to complete the sale of the jointly-owned property, a Power of Attorney from the plaintiff was needed. B&B drafted a Power of Attorney document and sent it to the plaintiff in prison. B&B then received the executed Power of Attorney via hand-delivery from the plaintiff's wife before the pre-arranged closings on May 17, 2006. B&B determined this hand-delivered version was not sufficient to use for the jointly-owned property, so only the property

2

owned by Mrs. Williams (Lot 2) was closed that day.  B&B then sent a letter to the plaintiff requesting that he resubmit the Power of Attorney directly to them via UPS, so that the second closing could move forward.  Several days later, B&B received that executed Power of Attorney properly delivered via UPS directly to B&B from the plaintiff in prison.  This executed Power of Attorney was used in the second real estate transaction on May 25, 2006, for the jointly-held property (Lot 1).  The plaintiff and his wife received valuable consideration for their title in the two properties from Hinson in the form of monies, personal notes, and mortgage forgiveness.  The plaintiff claims that former defendants B&B and Barnett executed a fraudulent real estate closing by using a rescinded Power of Attorney.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).  If on a motion pursuant to Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.

This court is required to construe *pro se* complaints and petitions liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of New York*, 529

3

F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's

4

position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## ANALYSIS

### Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment

On June 7, 2007, defendants Hinson and Master's Mark (hereinafter "defendants") moved pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6) and 12(c) for dismissal of all claims against them. By order filed June 11, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on July 23, 2007. The defendants filed a reply on July 20, 2007.

The plaintiff has alleged several fraud-based causes of action.  In his first cause of action, the plaintiff alleges that Hinson was involved in a fraudulent real estate transfer; his second cause of action alleges fraud; his fourth cause of action alleges bank fraud pursuant to 18 U.S.C. § 1344; his fifth cause of action alleges wire fraud pursuant to 18 U.S.C. § 1343; his seventh cause of action alleges mail fraud pursuant to 18 U.S.C. § 1341; and he alleges a general violation of the RICO statutes, 18 U.S.C. §§ 1961-68.  The plaintiff's primary basis for these fraud-based claims rests upon allegations that defendants B&B and Victoria Barnett received and used a Power of Attorney executed by the plaintiff for the purpose of selling property co-owned by the plaintiff and his wife.  The plaintiff contends that he rescinded the Power of Attorney before the real estate transaction occurred.  The complaint contains no further allegations regarding the alleged real estate fraud.  Under Federal Rule 12(b)(6) or 12(c), the plaintiff must sufficiently plead facts to support this cause of action.

In the instant case, even if the plaintiff's allegations are all taken as true, his complaint does not contain the supporting facts to entitle him to relief.  Federal Rule of Civil Procedure 9(b) provides that the circumstances constituting fraud are to be stated with particularity.  Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938), this court is obliged to examine state law to determine compliance with pleading requirements relating to 12(b)(6), 12(c) and 9(b).  To survive a motion to dismiss a fraud claim under South Carolina law, a plaintiff must specifically both allege and prove the following nine distinct elements:  (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Enhance-It, L.L.C. v. American Access Technologies, Inc*., 413 F.Supp.2d 626, 629-30 (D.S.C. 2006).  A complaint that fails to allege each of these nine elements is wholly insufficient and subject to dismissal.  *Brown v. Stewart*, 557 S.E.2d 676, 680 (S.C. Ct. App. 2001).

6

The plaintiff is further required to identify the time, place, contents of the misrepresentation, the identity of the parties making the misrepresentation as well as what was gained by the misrepresentation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). In his complaint, the plaintiff alleges nothing more than generalized conclusory allegations. Absent from his complaint is any allegation of a distinct misrepresentation. The plaintiff does not allege materiality, knowledge of falsity or reckless disregard for falsity, intent that a misrepresentation be acted upon or his right to rely upon some misrepresentation. Because the plaintiff cannot meet the requirements of establishing common law fraud, his claims for wire fraud, bank fraud and mail fraud should similarly be dismissed. Moreover, as argued by the defendants, neither 18 U.S.C. §1343 (relating to wire fraud), 18 U.S.C. § 1344 (relating to bank fraud), nor 18 U.S.C. § 1341 (relating to mail fraud), provides for a private right of action. *Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (numerous citations omitted).

The plaintiff also alleges a claim under RICO. The elements common to all RICO violations are (1) racketeering activity; (2) conducted through a pattern; (3) affecting an enterprise; (4) a culpable person; and (5) an effect on interstate or foreign commerce. R. Douglas Rees and Jerold S. Solovy, 5 Bus. & Comm. Litig. in Fed. Cts. § 69.2 (2003). As argued by the defendants, the plaintiff has failed to sufficiently allege a claim against them under RICO. "Racketeering activity" is defined as criminal conduct in contravention of one of a list of criminal statutes. If a plaintiff fails to specifically allege the defendants committed one of the "predicate acts" identified in 18 U.S.C. § 1, his RICO claim cannot withstand a motion to dismiss. *See Bast v. Cohen, Dunn & Sinclair, P.C.*, 59 F.3d 492, 495 (4th Cir. 1995). Here, the plaintiff apparently claims that the defendants committed the RICO predicate acts of wire, bank, and mail fraud. As discussed above, these claims and the common law fraud claim fail to satisfy Federal Rule of Civil Procedure 9(b), which requires "[i]n all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity." The sole specific

7

allegation leveled against Hinson is that he and others misdirected or diverted materials, supplies, and labor to other construction projects on which Hinson was working. In support of these allegations, the plaintiff fails to allege any specific misrepresentation on the part of Hinson or any other defendant. The plaintiff has yet to allege or prove how any of the communications sent through the mail or by wire were false or fraudulent. The plaintiff has further failed to prove the existence of, or otherwise identify, a sufficient "scheme or artifice to defraud." Further, the plaintiff has failed to make any specific allegations against defendant Master's Mark. Based upon the foregoing, the RICO claim fails.

The plaintiff also alleges a claim for violation of 18 U.S.C. § 371, which is a criminal statute for conspiracy to commit offense or to defraud the United States. Clearly this statute does not apply to the plaintiff's claims.

The plaintiff also alleges a claim for slander. However, he does not allege with any specificity any statement attributable to either of these defendants upon which a claim for relief could be made. *See Fleming v. Rose*, 526 S.E.2d 732, 736-37 (S.C. Ct. App. 2000) ("The elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.").

Based upon the foregoing, the motion to dismiss of defendants Hinson and Master's Mark should be granted. On April 30, 2007, the plaintiff filed a motion for summary judgment (doc. 108). However, the plaintiff failed to offer any evidence to support the various claims he has asserted. Based upon the foregoing, the plaintiff's motion for summary judgment should be denied.

### Lis Pendens

On April 20, 2007, defendants Hinson and Master's Mark filed a motion seeking the cancellation of several lis pendens filed by the plaintiff and his wife. This court denied the

8

motion with regard to Lots 1 and 2 located at 6 Appleton (or Appian) Way and 200 Corinthian Way, the subjects of this action. As this court finds that the plaintiff's claims should fail against these defendants, their motion for reconsideration of that order (doc. 113) is hereby granted. Furthermore, should the district court adopt the recommendation that Hinson and Master's Mark's motion to dismiss be granted, this court finds that the lis pendens on 6 Appleton (or Appian) Way and 200 Corinthian Way should be immediately cancelled.

## CONCLUSION

Wherefore, based upon the foregoing,

IT IS ORDERED that the motion for reconsideration regarding Hinson and Master's Mark's request for cancellation of multiple lis pendens (doc. 113) is granted; and

IT IS RECOMMENDED that the motion to dismiss of defendants Hinson and Master's Mark (doc. 165) be granted and the motion for summary judgment of the plaintiff (doc. 108) be denied. Should the district court adopt this court's recommendation, the only defendants remaining in the action will be Mark McKinney and Pamela Williams, neither of whom have filed dispositive motions. Accordingly, should the district court adopt this court's recommendation and dismiss Hinson and Master's Mark from this action, the lis pendens on 6 Appleton (or Appian) Way and 200 Corinthian Way should be immediately cancelled and the pending nondispositive motions regarding these defendants[1] will be rendered moot (docs. 92, 105, 109, 118, 119, 209).

s/William M. Catoe
United States Magistrate Judge

October 11, 2007
Greenville, South Carolina

---

[1] A few of the pending nondispositive motions also mention defendants already dismissed from this action (docs. 92, 105, 118 , 119). These motions do not appear to seek any relief regarding the only other defendants remaining in the action, Mark McKinney and Pamela Williams.

9