

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| RICKY WILLIAMS, aka WILLIAMS AND BRADSHAW,<br> Plaintiff, | §<br>§<br>§ | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:06-3465-HFF-WMC |
| | § | |
| JOSEPH T. HINSON, MASTER'S MARK CONSTRUCTION, MARK MCKINNEY, and PAMELA WILLIAMS,<br> Defendants. | §<br>§<br>§<br>§ | |

## ORDER

This case includes causes of action for fraudulent real estate closing, fraud, civil conspiracy, bank fraud, wire fraud, slander, and mail fraud. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the motion to dismiss filed by Defendants Hinson and Master's Mark be granted and the motion for summary judgment filed by Plaintiff be denied. The Report further recommends that should this Court adopt the recommendation of the Magistrate Judge, (1) the pending nondispositive motions be rendered moot, and (2) the lis pendens on 6 Appleton (or Appian) Way and 200 Corinthian Way be immediately cancelled. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 11, 2007, and the Clerk of Court entered Plaintiff's objections to the Report on October 31, 2007. On January 31, 2008, the Court directed Defendants Hinson and Master's Mark to reply to Plaintiff's objections. Defendants Hinson and Master's Mark filed a reply on February 7, 2008.

In his objection memorandum, Plaintiff primarily reiterates facts alleged in previous filings with the Court. Plaintiff also attempts to overcome the Magistrate Judge's findings that Plaintiff failed to plead fraud with particularity and failed to allege any specific misrepresentation on the part of any defendant. Defendants Hinson and Master's Mark argue (1) that the case should be dismissed for lack of subject matter jurisdiction or, alternatively, (2) that the case should be dismissed for failure to plead fraud with the specificity required by the Federal Rules of Civil Procedure and South Carolina case law. Because the Court agrees that Plaintiff has failed to plead fraud with particularity, the Court will not address Defendants' subject matter jurisdiction argument.

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to plead fraud with particularity by attempting to plead the nine elements of fraud. In his objection memorandum, Plaintiff states:

> In the instant case even if the plaintiff's allegations are taken as true, the plaintiff must state with clarity of the circumstances constituting fraud are to be stated with particularity.
> 1.      Plaintiff rescinded Power of Attorney on May 16, 2006; time was 09:00 in Aiken, S.C. with notary, and witness. Making the Power of Attorney dated May 11, 2006 invalid also making the Power of Attorney that was changed

to May 10, 2006 invalid.  Defendants Williams, Hinson, Babbs and Brown all knew Power of Attorney was rescinded, by May 19, 2006 and the affidavit proves the document was invalid.

2.    Under Federal Rules of Civil Procedure 9(b), the plaintiff must look at State court and prove the nine distinct elements of fraud.

   (1).    Joseph Hinson and Mark McKinney on June 22, 2005 and again on July 12, 2005 stated that Master Marks Construction was a licensed enmity and Incorporated contractor company to do business in S.C.

   (2).    Based on the S.C. office of Incorporation, there is no such enmity, Joseph Hinson and Mark McKinney knew all along that Master Marks Construction was not licensed, or incorporated and all of the statements made about it was false and nothing stated was true.

   (3)    Plaintiff was lead to believe that Master Marks Construction was licensed from June 22, 2005 until January 2007 after plaintiff filed suit.    Plaintiff was lead to believe Joseph Hinson and Mark McKinney were partners until lawsuit was filed.

   (4).    Joseph Hinson and Mark McKinney never acknowledged that their business was not incorporated to do business in S.C.  The reckless disregard of the truth to the plaintiff and everything told to plaintiff was falsified, and misrepresented.

   (5)    By telling the plaintiff it was a legal and incorporated business and having a sign that stated Master Marks Construction Incorporated. Plaintiff acted upon their representation that all was true and correct.

   (6)    Plaintiffs' ignorance was that every word stated was true, and Defendants were building two homes in Willow Creek with a sign that stated who and what defendants were, plaintiff relied on what was seen and what he was told from the defendants.

   (7)    Plaintiff reliance was on truth.  Plaintiff was mislead by defendants in all ways to believed defendants were good, honest and reliable, each reference given by defendants stated Master Marks Construction was incorporated, and licensed to do business in South Carolina.

   (8)    Plaintiff relied thereon what was stated.  Defendants were licensed and incorporated they would never cheat, lie, or steal.  Plaintiff relied on everything stated, thinking if defendants were building two homes in Willow Creak Subdivision with signs on property, everything must be o.k.  Master Marks Construction built the home next to lot 129, which was shown to plaintiff.

3

> (9).    Plaintiff lost $688,000.00 that was paid to defendants.  Plaintiff has
> lost his property and wife.

(Pl.'s Obj. Memo. at 2-4.)[1]

Plaintiff begins the portion of his objection memorandum regarding pleading fraud with particularity by discussing powers of attorney.  Immediately thereafter, he states that "plaintiff must look at State court and prove the nine distinct elements of fraud" and then discusses Defendant Hinson's and Defendant McKinney's alleged statement that Master's Mark Construction is a licensed corporate entity.  (Pl.'s Obj. Memo. at 2-4.)

It seems that Plaintiff uses his argument regarding the alleged statement in an attempt to overcome the Magistrate Judge's finding that "[a]bsent from [Plaintiff's] complaint is any allegation of a distinct misrepresentation."  (Report at 7.)  Although Plaintiff has now directed the Court to a distinct misrepresentation, he fails to meet the heightened pleading requirements regarding (1) his reliance on Defendant Hinson and Defendant McKinney's statement that Master's Mark Construction is a licensed corporate entity or (2) his consequent and proximate injury.[2]

Plaintiff makes the general statement that he relied on Defendant Hinson and Defendant McKinney's representation.  However, he fails to allege any facts showing how he relied upon their

---

[1]The quoted language is taken directly from Plaintiff's objection memorandum, without alteration.

[2]As observed by the Magistrate Judge, "to survive a motion to dismiss a fraud claim under South Carolina law, a plaintiff must specifically both allege and prove the following nine distinct elements: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury."  (Report at 6.)  Failure to prove any of these is fatal to the claim.  *Sorin Equipment Co. v. The Firm, Inc.*, 323 S.C. 359, 365, 474 S.E.2d 819, 823 (S.C. Ct. App. 1996).

4

statement.  He also neglects to argue that he took any action in reliance on the belief that Master's

Mark Construction is a licensed corporate entity.  Moreover, Plaintiff omits any allegation regarding

how Defendants' representation consequently or proximately injured Plaintiff.  Instead, Plaintiff

merely claims, "Plaintiff lost $688,000.00 that was paid to defendants.  Plaintiff has lost his property

and wife."  (Pl.'s Obj. Memo. at 4.)  Such conclusory allegations fail to meet the heightened

pleading requirement of Federal Rule of Civil Procedure 9(b) because they fail to demonstrate how

Defendants' representation caused Plaintiff's alleged loss.

After a thorough review of the Report, the objections, the reply, and the record in this case

pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report

and incorporates it herein.  Therefore, it is the judgment of this Court that the motion to dismiss filed

by Defendants Hinson and Master's Mark be **GRANTED** and the motion for summary judgment

filed by Plaintiff be **DENIED**.  The pending nondispositive motions are deemed **MOOT**, with the

exception of Plaintiff's motion for scheduling order,[3] and the  lis pendens on 6 Appleton (or Appian)

Way and 200 Corinthian Way are cancelled.

---

[3]As observed by the Magistrate Judge, "the pending nondispositive motions do not appear to seek any relief regarding the only other defendants remaining in the action, Mark McKinney and Pamela Williams."  (Report at 9.)  However, Plaintiff's pending motion for scheduling order (doc. 205) remains pending because it applies to the remaining defendants.

**IT IS SO ORDERED**.

Signed this 12th day of February, 2008, in Spartanburg, South Carolina.


                                        s/ Henry F. Floyd
                                        HENRY F. FLOYD
                                        UNITED STATES DISTRICT JUDGE


                            *****
                    **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date

hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.