IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Ricky Williams, aka<br>Williams and Bradshaw, | ) ) ) | |
| | ) | Civil Action No. 6:06-3465-HFF-WMC |
| Plaintiff, | ) ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) ) | |
| Mark McKinney and<br>Pamela Williams, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

In his complaint, the plaintiff, who is proceeding *pro se*, alleges a number of causes of action regarding the finance, construction, and sale of certain real estate properties. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

By order filed September 4, 2007, The Honorable Henry F. Floyd, United States District Judge, dismissed from this action defendants Spartanburg Forest Products, Steve Michaels, Sandy MacIlwinen, Scott Casey, Robert Doe, Steve Doe, Stock Building Supply, Inc., Victoria Barnett, Babb & Brown, P.C., and State Farm Insurance Company. By order filed February 12, 2008, Judge Floyd adopted this court's recommendation and dismissed defendants Joseph T. Hinson and Master's Mark Construction. Accordingly, the only remaining defendants are Mark McKinney and Pamela Williams.

## FACTS PRESENTED

The plaintiff was recently released from Northside Correctional Institution where he was serving a three-year sentence for preparation of fraudulent tax returns. On

December 11, 2006, the plaintiff filed a complaint against multiple defendants alleging causes of action for violation of the Racketeer Influenced and Corrupt Organizations statute ("RICO") (18 U.S.C. § 1961 *et seq.*), mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), common law fraud, civil conspiracy (18 U.S.C. § 371), and slander. The plaintiff's claims arise out of the construction of a single-family residence in Greenville County, South Carolina. The plaintiff alleges, *inter alia*, that defendant Hinson, a residential builder, and defendants Master's Mark and Mark McKinney, contractors, obtained lumber and other materials from former defendants Stock Building Supply and Spartanburg Forest Products for use in the construction of the plaintiff's home. The plaintiff claims that the lumber and materials were diverted to other projects of Hinson and Master's Mark without his consent.

Former defendant Babb & Brown, P.C. ("B&B") is a law firm in Greenville, South Carolina, which performed two separate real estate closings on two lots and partially finished homes located in "The Columns" subdivision in Greenville. Lot 1 and a portion of Lot 2 was in the name of the plaintiff and his wife, defendant Pamela Williams. The remaining portion of Lot 2 was solely in the name of Pamela Williams. Defendant Hinson purchased these two pieces of property in May 2006 from the plaintiff and his wife. Former defendant Barnett is a paralegal at B&B and was involved solely in her capacity as an employee of B&B during the Henson-Williams transaction. Both closings occurred after the plaintiff was incarcerated, so in order to complete the sale of the jointly-owned property, a Power of Attorney from the plaintiff was needed. B&B drafted a Power of Attorney document and sent it to the plaintiff in prison. B&B then received the executed Power of Attorney via hand-delivery from the plaintiff's wife before the pre-arranged closings on May 17, 2006. B&B determined this hand-delivered version was not sufficient to use for the jointly-owned property, so only the property owned by Mrs. Williams (Lot 2) was closed that day. B&B then sent a letter to the plaintiff requesting that he resubmit the Power of Attorney directly to them via UPS, so that

2

the second closing could move forward.  Several days later, B&B received that executed

Power of Attorney properly delivered via UPS directly to B&B from the plaintiff in prison.  This

executed Power of Attorney was used in the second real estate transaction on May 25, 2006,

for the jointly-held property (Lot 1).  The plaintiff and his wife received valuable consideration

for their title in the two properties from Hinson in the form of monies, personal notes, and

mortgage forgiveness.  The plaintiff claims that former defendants B&B and Barnett executed

a fraudulent real estate closing by using a rescinded Power of Attorney.


## ANALYSIS

As noted above, the only remaining defendants in this action are Pamela

Williams and Mark McKinney.  While these defendants have not filed dispositive motions, this

court has considered the claims against them *sua sponte*[1] and finds that the claims should

be dismissed for failure to state a claim.  "As set forth in 5 C. Wright and A. Miller, Federal

Practice and Procedure § 1357 (1973):  'Even if a party does not make a formal motion, the

court on its own initiative may note the inadequacy of the complaint and dismiss it for failure

to state a claim.'"  *Jensen v. Conrad*, 570 F.Supp. 91, 99 (D.S.C. 1983).

> Where the face of a complaint plainly fails to state a claim for
> relief, a district court has "no discretion" but to dismiss it. 5A
> Charles Alan Wright & Arthur R. Miller, Federal Practice and
> Procedure § 1357 (2d ed.1990); *see also Mitchell v. E-Z Way
> Towers, Inc.*, 269 F.2d 126, 130 (5th Cir.1959) (observing that a
> motion to dismiss for failure to state claim "allows of no discretion
> in the usual sense" because "a complaint is either good or not
> good").

*Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006).

The plaintiff has alleged several fraud-based causes of action against these

defendants.  In his first cause of action, the plaintiff alleges that Hinson, Barnett, B&B, and

Pamela Williams were involved in a fraudulent real estate transfer; his second cause of action

---

[1]*Sua sponte* is a Latin phrase meaning "Of his or its own will or motion; voluntarily; without prompting or suggestion."  *Blacks Law Dictionary* 1424 (6th ed. 1990).

3

alleges fraud by Hinson and McKinney; his fourth cause of action alleges bank fraud pursuant to 18 U.S.C. § 1344, presumably against all defendants; his fifth cause of action alleges wire fraud pursuant to 18 U.S.C. § 1343, presumably against all defendants; his seventh cause of action alleges mail fraud pursuant to 18 U.S.C. § 1341, presumably against all defendants; and he alleges a general violation of the RICO statutes, 18 U.S.C. §§ 1961-68, presumably against all defendants.

On June 7, 2007, defendants Hinson and Master's Mark moved pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6) and 12(c) for dismissal of all claims against them. By order filed June 11, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on July 23, 2007. The defendants filed a reply on July 20, 2007.

As set forth above, this court recommended that the motion to dismiss of Hinson and Master's Mark be granted, and on February 12, 2008, Judge Floyd adopted that recommendation and granted the motion to dismiss. In so doing, Judge Floyd found that the plaintiff failed to plead fraud with particularity. Federal Rule of Civil Procedure 9(b) provides that the circumstances constituting fraud are to be stated with particularity. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938), this court is obliged to examine state law to determine compliance with pleading requirements relating to 12(b)(6), 12(c) and 9(b). To survive a motion to dismiss a fraud claim under South Carolina law, a plaintiff must specifically both allege and prove the following nine distinct elements: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Enhance-It, L.L.C. v. American Access Technologies, Inc.*, 413 F.Supp.2d 626, 629-30 (D.S.C. 2006). A complaint that fails to allege

4

each of these nine elements is wholly insufficient and subject to dismissal. *Brown v. Stewart*, 557 S.E.2d 676, 680 (S.C. Ct. App. 2001).

Judge Floyd found that the plaintiff failed to meet the heightened pleading requirement regarding: (1) his reliance on defendants Hinson and McKinney's statement that Master's Mark is a licensed corporate entity or (2) his consequent and proximate injury (2/12/08 order at 4) and thus dismissed the claims against Hinson and Master's Mark. The same fraud claims alleged against Hinson and Master's Mark are also alleged against Pamela Williams and McKinney. The plaintiff has had several opportunities to be heard on the issue (*see* pl. opp. to Hinson and Master Mark m. to dismiss, doc. nos. 168, 187, 189, 194, 201; pl. objections to R&R, doc. no. 228). *See Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2nd Cir. 1994) ("'The district court has the power to dismiss a complaint *sua sponte* for failure to state a claim," so long as the plaintiff is given notice and "an opportunity to be heard.") (internal citations omitted). For the same reasons, the plaintiff's conclusory allegations against Pamela Williams and McKinney fail to meet the heightened pleading requirement for fraud. Moreover, neither 18 U.S.C. § 1343 (relating to wire fraud), 18 U.S.C. § 1344 (relating to bank fraud), nor 18 U.S.C. § 1341 (relating to mail fraud), provides for a private right of action. *Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (numerous citations omitted).

Further, the plaintiff's RICO claims against these defendants also fail. The elements common to all RICO violations are (1) racketeering activity; (2) conducted through a pattern; (3) affecting an enterprise; (4) a culpable person; and (5) an effect on interstate or foreign commerce. R. Douglas Rees and Jerold S. Solovy, 5 Bus. & Comm. Litig. in Fed. Cts. § 69.2 (2003). "Racketeering activity" is defined as criminal conduct in contravention of one of a list of criminal statutes. If a plaintiff fails to specifically allege the defendants committed one of the "predicate acts" identified in 18 U.S.C. § 1, his RICO claim cannot withstand a motion to dismiss. *See Bast v. Cohen, Dunn & Sinclair, P.C.*, 59 F.3d 492, 495 (4th Cir.

5

1995).    Here, the plaintiff apparently claims that the defendants committed the RICO predicate acts of wire, bank, and mail fraud.   As discussed above, these claims and the common law fraud claim fail to satisfy Federal Rule of Civil Procedure 9(b), which requires "[i]n all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity."   Further, the plaintiff has not given any indication of the "racketeering activity", a "pattern," or even proximate causation.

The plaintiff also alleges a claim for violation of 18 U.S.C. § 371, which is a criminal statute for conspiracy to commit offense or to defraud the United States.  Clearly this statute does not apply to the plaintiff's claims.

Lastly, the plaintiff alleges a claim for slander.   However, he does not allege with any specificity any statement attributable to either of these defendants upon which a claim for relief could be made.  *See Fleming v. Rose*, 526 S.E.2d 732, 736-37 (S.C. Ct. App. 2000) ("The elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.").

Based upon the foregoing, this court recommends *sua sponte* that the claims against the remaining defendants in this action, Pamela Williams and Mark McKinney, be dismissed.

s/William M. Catoe
United States Magistrate Judge

February 14, 2008

Greenville, South Carolina